IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| SHAMECA LA'SHAWN PUGH | § | |
| VS. | § | CIVIL ACTION NO. 1:22-CV-262 |
| WARDEN FCI ALICEVILLE[1] | § | |

MEMORANDUM OPINION REGARDING TRANSFER

Petitioner, Shameca La'Shawn Pugh, currently incarcerated at FCI Aliceville, proceeding *pro se*, filed what appears to be a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Discussion

Petitioner asks the court to run her federal sentence concurrently with her state sentence. While Petitioner was convicted in the Eastern District of Texas, this court does not have jurisdiction over this claim asserted through § 2241.

Analysis

Title 28 U.S.C. § 2241(a) provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." "To entertain a § 2241 habeas petition, the district court must, upon the filing of the petition, have jurisdiction over the prisoner or his custodian." *United States v. Gabor*, 905 F.2d 76, 78 (5th Cir. 1990) (citation omitted).  A § 2241 petition must be filed in the district where the petitioner is incarcerated.  *Id.*; *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999).

---

[1]The correct Respondent in a § 2241 petition is the Warden of the facility where Petitioner is incarcerated. Petitioner here asks the court to run her federal sentence concurrently with her state sentence which is properly asserted under 28 U.S.C. § 2241. By transferring venue, this court makes no assessment as to the validity of Petitioner's claims.

Petitioner is currently confined at FCI Aliceville.  Aliceville, Alabama is located in Pickens County, Alabama within the Northern District of Alabama, Tuscaloosa Division.  As Petitioner is not incarcerated in the Eastern District of Texas, this court is without jurisdiction to consider this petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241; subject matter jurisdiction cannot be waived.  *See DeCell & Associates v. F.D.I.C.*, 36 F.3d 464, 471 (5th Cir. 1991).

Under 28 U.S.C. § 1404(a), for the convenience of parties and witnesses and in the interest of justice, a district court may transfer any civil action to any other district or division where it could have been brought.  Such a transfer may be done *sua sponte* and is reviewable only for an abuse of discretion.  *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989).

## Conclusion

After considering the circumstances, the court has determined that the interests of justice would best be served if this petition were transferred to the district in which Petitioner is confined rather than dismiss the case for lack of jurisdiction.  An Order of Transfer so providing shall be entered in accordance with this Memorandum Order.

**SIGNED this the 29th day of December, 2022.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE